UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BWB REASONABLE AND RELIABLE
TRANSPORTATION, LLC,

          Plaintiff,

v.

EMPIRE FIRE AND MARINE
INSURANCE COMPANY,

          Defendant,
_____/

Case No. 21-cv-10564

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT EMPIRE FIRE AND MARINE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)

This case involves Plaintiff BWB Reasonable and Reliable Transportation, LLC's claims for the payment of no-fault insurance benefits for medical transportation services it provided to Elijah Spann, stemming from the July 29, 2019 motor vehicle accident that occurred while Spann was driving a vehicle insured by Defendant Empire Fire and Marine Insurance Company. Defendant Empire states that it is undisputed that Spann was logged into a digital transportation network (Uber) when the accident occurred, and that neither the applicable Empire automobile insurance policy nor the Michigan No-Fault Act requires Empire to provide personal injury protection (PIP) benefits for an accident that occurred when Spann was logged into a digital transportation network. Empire now moves for

summary judgment, arguing that there is no genuine issue of material fact that the Empire insurance policy does not provide coverage for Spann's July 29, 2019 automobile accident. The motion has been fully briefed. The Court does not believe that oral argument will aid in its disposition of this motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons that follow, the Court GRANTS Defendant Empire's motion for summary judgment (ECF No. 17).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On July 29, 2019, Elijah Spann was involved in a motor vehicle accident while he was driving a 2019 Chevrolet Malibu that was owned or leased by Maven Drive LLC and insured by Defendant Empire Fire and Marine Insurance Company ("Empire"). Plaintiff BWB Reasonable and Reliable Transportation, LLC ("BWB Reasonable") provided medical transportation services to Spann arising from that accident. Spann assigned to BWB Reasonable his claim for personal injury protection (PIP) benefits for the services BWB Reasonable provided to him. (ECF No. 1-2, PageID.15-16, Assignment of Rights Form.)[1]

---

[1] Spann has separately brought suit against Empire for recovery of PIP benefits under the Michigan No-Fault Act for medical treatment, wage loss, and replacement services as a result of the July 29, 2019 auto accident. *Elijah Spann v. Empire Fire*

2

The Empire insurance policy that covered the 2019 Chevrolet Malibu driven by Spann defines covered vehicles as expressly excluding vehicles while "operated by a person logged into a 'digital transportation network,' []or while the 'auto' is being used to transport persons for hire." (ECF No. 25, Policy (redacted), PageID.881-83.) "Digital transportation network" is defined as "any online-enabled application, software, website or system offered or utilized by a 'transportation network company' that enables the pre-arrangement of rides." (*Id.*) "Transportation network company" is "an entity that uses a 'digital transportation network' to enable the connection of drivers and passengers for 'ride-sharing' purposes." (*Id.*) "Ride-sharing" means "transportation in a personal 'auto' of the driver that is pre-arranged using a 'digital transportation network.'" (*Id.*) Empire explains that this includes, but is not limited to, Uber and Lyft.

Spann admits that he was logged into a digital transportation network (Uber) at the time of the accident (ECF No. 17-2, Spann's discovery responses in *Elijah Spann v. Empire Fire and Marine Insurance Company*, Case No. 21-11036 (E.D. Mich.), PageID.544.) Uber's records now confirm that Spann was logged into the Uber application at the time of the July 29, 2019 accident. (ECF No. 24, Uber records

---

*and Marine Insurance Company*, Case No. 21-11036 (E.D. Mich.). In that suit, Empire filed a cross-claim against Allstate Insurance Company, seeking reimbursement for the payment of PIP benefits provided to and on behalf of Spann.

3

(filed under seal).) Plaintiff BWB Reasonable does not dispute, for purposes of this motion, that Spann was an Uber driver and logged into the Uber system, a digital transportation network, at the time of the accident. (ECF No. 27, Pl.'s Resp., PageID.894.)

### B. Procedural History

Plaintiff BWB Reasonable filed suit against General Motors Company and ESIS, Inc. in the Macomb County Circuit Court for the recovery of PIP benefits on September 29, 2020. (ECF No. 1-2, Complaint, PageID.11-14.) BWB Reasonable filed an amended complaint in the state court on December 23, 2020, adding Empire as a defendant. (*Id.*, Amended Complaint, PageID.35-38.) The amended complaint states that BWB Reasonable seeks PIP benefits under the Michigan No-Fault Insurance Act for certain "medical transportation" services that BWB Reasonable provided to Spann in connection with injuries Spann allegedly sustained in the July 29, 2019 motor vehicle accident. (*Id.*)

On February 26, 2021, the state court entered an order dismissing the amended complaint against defendants GM and ESIS. (*Id.*, Order, PageID.103.) On March 15, 2021 Defendant Empire, the only remaining defendant, removed this action from the Macomb County Circuit Court to this Court on the basis of diversity jurisdiction. (ECF No. 1, Notice of Removal.)

On April 29, 2022, Defendant Empire filed its motion for summary judgment. (ECF No. 17, Def.'s Mot.) Empire argues that it is entitled to summary judgment because there is no genuine issue of material fact that (1) Spann was logged into a digital transportation network when the accident occurred on July 29, 2019, and (2) neither the Empire insurance policy nor the Michigan No-Fault Act requires Empire to provide PIP benefits when Spann was logged into a digital transportation network.

Plaintiff BWB Reasonable filed a Response in opposition to Empire's motion for summary judgment on May 20, 2022. (ECF No. 27, Pl.'s Resp.) BWB Reasonable concedes, for purposes of the motion for summary judgment, that Spann was an Uber driver and was logged into the Uber system at the time of the July 29, 2019 accident, and does not contest that the Empire insurance policy does not insure Spann's vehicle while he was logged into a digital transportation network. BWB Reasonable instead argues that Empire is equitably estopped from asserting that it is not liable for BWB Reasonable's claims because it voluntarily paid PIP benefits for more than a year before it learned that Spann was logged into Uber's network. BWB Reasonable further argues that the "mend-the-hold" doctrine estops Empire from asserting a defense based on a policy exclusion raised for the first time in the motion for summary judgment.

On June 3, 2022, Empire filed a reply brief arguing that BWB Reasonable cannot assert estoppel where Empire was unaware of the facts barring coverage when it paid PIP benefits to BWB Reasonable, despite Empire's diligent efforts to determine coverage. (ECF No. 28, Def.'s Reply.) Empire further argues that neither estoppel nor the "mend-the-hold" doctrine can be applied to expand or broaden insurance coverage of risks that were not included or that were expressly excluded from the policy.

## II.  LEGAL STANDARD

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of a motion for summary judgment where proof of that fact 'would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.'" *Dekarske v. Fed. Exp. Corp.*, 294 F.R.D. 68, 77 (E.D. Mich. 2013) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"In deciding a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party." *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). At the same time, the non-movant must produce enough evidence to allow a reasonable jury to find in his or her favor by a preponderance of the evidence, *Anderson*, 477 U.S. at 252, and "[t]he 'mere possibility' of a factual dispute does not suffice to create a triable case." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir. 2004) (quoting *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). Instead, "the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008) (quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)). "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

7

party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)). That evidence must be capable of presentation in a form that would be admissible at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir. 2009).

### III. ANALYSIS

**A.    The Empire Insurance Policy Does Not Provide Coverage in This Case Because Spann Was Logged Into a Digital Transportation Network at the Time of the Accident**

It is undisputed, for purposes of this motion for summary judgment, that Spann was logged into a digital transportation network at the time the July 29, 2019 accident occurred, and that Empire's policy expressly excludes coverage for autos while "operated by a person logged into a 'digital transportation network.'" Empire's policy harmonizes with the Michigan No-Fault Act, which allows insurers to exclude coverage for PIP benefits while a driver is logged into a digital transportation network. *See* Mich. Comp. Laws § 500.3017(1) (eliminating the insurance requirement when a driver "is logged into a transportation network company's digital network or while a transportation network company driver is providing a prearranged ride.").[2]

---

[2] As Empire notes in its motion for summary judgment, digital transportation network company drivers are not left without PIP coverage because the Michigan Limousine, Taxicab, and Transportation Network Company Act requires

8

Thus, because the Empire insurance policy did not insure the Malibu when Spann was logged into the Uber network, and it is undisputed that Spann was logged into the Uber network at the time of the accident, the Empire policy does not provide PIP benefits to Spann for this accident, and BWB Reasonable thus is not entitled to PIP benefits from Empire here, as an assignee of Spann. *See Pioneer State Mut. Ins. Co. v. Dells*, 301 Mich. App. 368, 378 (2013) ("A court cannot hold an insurance company liable for a risk that it did not assume.") (citing *Henderson v. State Farm Fire & Cas. Co.*, 460 Mich. 348, 354 (1999)).

### B. Equitable Estoppel

Plaintiff BWB Reasonable argues that, notwithstanding the Empire insurance policy's exclusion barring coverage when the vehicle "is operated by a person logged into a 'digital transportation network,'" Defendant Empire is estopped from relying on that exclusion because it voluntarily paid BWB Reasonable's and Spann's claims for PIP benefits for more than a year without claiming the exclusion. Specifically, BWB Reasonable asserts that Empire paid its claims for services provided from August 28, 2019 through July 30, 2020. (Pl.'s Resp., PageID.894.)

---

transportation network companies to maintain automobile insurance on personal vehicles, including personal protection and property protection insurance, while the driver is logged into the company's digital network or engaged in a prearranged ride for the company. *See* Mich. Comp. Laws § 257.2123.

Equitable estoppel provides an "equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract." *Morales v. Auto-Owners Ins. Co.*, 458 Mich. 288, 295 (1998). "For equitable estoppel to apply against an insurer in favor of an insured, the party asserting estoppel must establish that (1) the insurer's actions or representations induced the insured to believe that an otherwise applicable exclusion clause would not be invoked and that coverage would be provided, (2) the insured justifiably relied on this belief, and (3) the insured was prejudiced by its reliance on this belief." *Mid-Century Ins. Co. v. Fish*, 749 F. Supp. 2d 657, 677 (W.D. Mich. 2010) (collecting cases); *see also Livonia Pub. Sch. v. Selective Ins. Co. of the Southeast*, 443 F. Supp. 3d 815, 854 (E.D. Mich. 2018) (same); *Lothian v. City of Detroit*, 414 Mich. 160, 177 (1982) ("Generally, to justify the application of estoppel, one must establish that there has been a false representation or concealment of a material fact, coupled with an expectation that the other party will rely upon this conduct, and knowledge of the actual facts on the part of the party representing or concealing.") (citation omitted).

However, "[a]lthough equitable estoppel appears to be broad in theory, the doctrine is rather limited in practice." *City of Grosse Pointe Park v. Michigan Mun. Liab. & Prop. Pool*, 473 Mich. 188, 222 (2005). Michigan courts have explained that in insurance coverage cases, equitable estoppel cannot be used to compel an

insurer to provide benefits that were not provided by the insurance policy. *See Blood v. Sovis*, No. 341150, 2019 WL 2146262, at *2-3 (Mich. Ct. App. May 16, 2019) (citing *Ruddock v. Detroit Life Ins. Co.*, 209 Mich. 638 (1920)); *Smit v. State Farm Mut. Auto Ins.*, 207 Mich. App. 674, 680-81 (1994) ("[C]ases applying the doctrine of waiver and estoppel had primarily been ones that involved the insurer's assertion that the contract had been forfeited because of noncompliance with conditions of the contract."). "In other words, equitable estoppel cannot create a contract that the parties did not enter into or impose liability contrary to the express terms of the contract to which the parties did agree." *North Shore Injury Ctr. v. Geico Gen. Ins. Co.*, No. 330124, 2017 WL 1109900, at *3 (Mich. Ct. App. Mar. 21, 2017) (citing *Ruddock*, 209 Mich. at 654); *see also Kirschner v. Process Design Assocs., Inc.*, 459 Mich. 587, 593-94 (1999) ("The application of … estoppel is limited, and, usually, the doctrine[] will not be applied to broaden the coverage of a policy to protect the insured against risks that were not included in the policy or that *were expressly excluded from the policy*.") (emphasis added).

In this case, the Empire insurance policy does not provide coverage when the driver is logged into a digital transportation network, and it is undisputed that Spann was logged into Uber's digital transportation network at the time of the July 29, 2019 accident. By asking this Court to hold that Empire is equitably estopped from

11

denying coverage under the digital transportation exclusion, BWB Reasonable is asking this Court to ignore the policy's exclusion and is seeking to use equitable estoppel to "cover a loss" the policy "never covered by its terms … [and] create a liability contrary to the express provisions of the contract the parties did make." *See Smit*, 207 Mich. App. at 680. Michigan law bars such use of equitable estoppel. *See Ruddock*, 209 Mich. at 653 ("To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy."). "Equitable estoppel must not be applied to expand coverage beyond the scope originally contemplated by the parties *in the insurance policy as written.* A court must not bestow under the veil of equity that which the aggrieved party itself failed to achieve in negotiating the contract." *City of Grosse Pointe Park*, 473 Mich. at 223.

Accordingly, the Court finds that BWB Reasonable is not entitled to the equitable estoppel defense in this case because "it would create both a contract that the parties did not agree to and liability contrary to the contract of insurance." *See Blood*, 2019 WL 2146262, at *3.

Moreover, the Court finds that no reasonable jury could find that Empire made any misrepresentation that would lead to estoppel. Specifically, there is no evidence

that Empire waived reliance on the digital transportation exclusion. Rather, Empire presented evidence that its claims administrator promptly contacted Uber after the accident and was informed at that time that Uber had "confirmed" that Spann was not logged into its application at the time of the accident. (ECF No. 28-4, Affidavit of Elizabeth Favaro ("Favaro Aff.") at ¶ 3, PageID.934, citing Email from Uber, PageID.940.) Empire then began paying PIP benefits after receiving Uber's confirmation.

After litigation from the July 29, 2019 accident commenced, Empire issued a records subpoena to Uber on February 9, 2021, and Uber's response on February 25, 2021, showed no activity by Spann at the time of the accident. (Favaro Aff. ¶¶ 8-9, PageID.935-36, citing Subpoena, PageID.983-84, and Subpoena Response, ECF No. 29 (filed under seal), PageID.1029-33.)

It was only after Empire's counsel received and reviewed Spann's discovery responses in his separate case (Case No. 21-11036) on August 3, 2021, which stated that Spann was logged into the Uber application at the time of the accident, that Empire re-contacted Uber to reconfirm that it had no record of activity by Spann on Uber's application after 12:26 a.m. on July 29, 2019. (Favaro Aff. ¶¶ 12-13, PageID.936-37, citing Spann discovery responses, PageID.996.) Uber responded on August 24, 2021, and for the first time produced records showing that Spann was

13

logged into Uber's application at the time of the accident. (*Id.* citing ECF No. 30, Uber records, PageID.1035-38 (filed under seal).) Counsel for Empire then contacted counsel for BWB Reasonable and informed him that Spann was logged into the Uber application at the time of the accident and that Empire's policy does not provide coverage in this situation. (Favaro Aff. ¶ 15, PageID.937.)

      The Court finds that Empire acted diligently in this case and that any prior payment of benefits to BWB Reasonable was not a "misrepresentation" by Empire, but that the payments were only made because, despite its diligence, Empire was unaware at that time of the true facts regarding Spann's use of the Uber application at the time of the accident. *See Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 442 (6th Cir. 2010) (stating the elements of an equitable estoppel claim as including "awareness of the true facts by the party to be estopped"); *Matigan v. Member Select Ins. Co.*, No. 352059, 2021 WL 297264, at *6 (Mich. Ct. App. Jan. 28, 2021) (finding equitable estoppel inapplicable where insurer did not "have the facts that th[e] exclusion would apply" at beginning of litigation, and thus did not conceal or misrepresent any facts, and the insurer had put plaintiff on notice through its affirmative defenses that the exclusion may apply).

Accordingly, the Court concludes that BWB Reasonable is not entitled to equitable estoppel because there is no evidence of a misrepresentation by Empire, and that Empire is entitled to summary judgment for this reason as well.

### C. Mend-the-Hold Doctrine

BWB Reasonable next argues that the mend-the-hold doctrine bars Empire from asserting a defense based on a policy exclusion that it did not raise until more than a year after this litigation was initiated. Empire asserts in response that it has consistently asserted policy terms and the No Fault Act as coverage defenses and that the mend-the-hold doctrine does not prevent it from supporting its defenses with new facts obtained through discovery.

Under the mend-the-hold doctrine, as applied in the insurance context, "once an insurance company has denied coverage to an insured and stated its defenses, the company has waived or is estopped from raising new defenses." *South Macomb Disposal Auth. v. American Ins. Co.*, 225 Mich. App. 635, 695 (1997) (quotation marks and citations omitted). However, as with equitable estoppel, the application of the mend-the-hold doctrine is limited, and the doctrine will not be applied where its application would result in broadening the coverage of a policy to protect the insured against risks that were not included in the policy or expressly excluded from the policy. *Carter v. Owners Ins. Co.*, No. 356556, 2022 WL 1512045, at *5 (Mich.

15

Ct. App. May 12, 2022) (quoting *South Macomb Disposal Auth.*, 225 Mich. App. at 695). "This restriction is based on the rule that the insurer should not be required, through waiver and estoppel, to cover a loss for which no premium was charged." *South Macomb Disposal Auth.*, 225 Mich. App. at 695 (citing *Lee v. Evergreen Regency Coop.*, 151 Mich. App. 281, 285 (1986)).

The Court finds that BWB Reasonable improperly seeks to use the mend-the-hold doctrine to create coverage where none exists. As explained above, the Empire insurance policy does not provide PIP benefits "while the 'auto' is operated by a person logged into a 'digital transportation network,'" and it is undisputed here that Spann was logged into Uber's "digital transportation network" at the time of the accident. Empire acted diligently in asserting its coverage defenses, and in fact asserted as affirmative defenses in this case that "Plaintiff's claims are barred, in whole or in part, because the Empire policy does not provide coverage under the facts alleged in Plaintiff's Amended Complaint" and that "Empire relies in its defense, upon the terms, covenants, conditions or immunities in the insurance policy and the Michigan No-Fault Act," thus putting BWB Reasonable on notice that it would rely on policy terms and the No Fault Act as coverage defenses. (See Favaro Aff. ¶ 7, PageID.935, citing Answer, PageID.979-80.) *See Matigan*, 2021 WL 297264, at *6 (noting that the defendant insurer's affirmative defenses "at least

16

notif[ied] plaintiffs that the employer-owned-vehicle defense and exclusions were on defendant's radar").

The Court concludes therefore that the mend-the-hold doctrine is inapplicable in this case and that Empire's motion for summary judgment will be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Empire Fire and Marine Insurance Company's Motion for Summary Judgment (ECF No. 17). Plaintiff BWB Reasonable's claims are **DISMISSED WITH PREJUDICE**.

This Opinion and Order closes the case.

**IT IS SO ORDERED.**

Dated: July 15, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge